**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3939-15T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOEL S. HESTER, a/k/a
JOEWELL A. HESTER,

     Defendant-Appellant.

_____

Submitted December 20, 2017 – Decided February 27, 2019

Before Judges Fuentes and Koblitz

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 11-04-0652.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven E. Braun, Designated Counsel, on the brief).

Robert D. Laurino, Acting Essex County Prosecutor, attorney for respondent (Camila Garces, Special Deputy Attorney General/Acting Assistant Prosecutor; of counsel and on the brief).

Appellant filed a pro se supplemental brief.

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Defendant Joel Hester was tried before a jury and convicted of murder, N.J.S.A. 2C:11-3(a)(1), second degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b), and second degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a). On December 17, 2012, the trial court merged the murder conviction with the second degree handgun conviction and sentenced defendant to a term of forty years, with thirty years of parole ineligibility. The court also sentenced defendant to a concurrent ten-year term with five years of parole ineligibility on the conviction for second degree unlawful possession of a handgun.

We affirmed defendant's conviction on direct appeal, State v. Joel Hester, No. A-3066-12 (App. Div. October 3, 2014), and the Supreme Court denied his petition for certification. See State v. Hester, 221 N.J. 219 (2015). In lieu of restating the evidence presented by the State at trial, we incorporate by reference the facts we described in our unpublished opinion affirming defendant's conviction. Hester, slip op. at 2-5.

On March 23, 2015, defendant filed a pro se petition for post-conviction relief (PCR), arguing ineffective assistance of trial counsel. The PCR judge[1] appointed an attorney to represent defendant. PCR counsel thereafter amended defendant's petition and submitted a brief in which he argued defendant's trial attorney: (1) failed to call an alleged alibi witness; (2) failed to present a traffic video that would have allegedly corroborated defendant's alibi defense; (3) failed to request an identification charge that tracked the Supreme Court's holding in State v. Henderson, 208 N.J. 208 (2011); and (4) failed to introduce into evidence a photograph of a man known as "Dizzle," who allegedly resembles defendant.

After considering the arguments of counsel on December 22, 2015, the PCR judge found sufficient grounds to conduct an evidentiary hearing. The judge conducted the evidentiary hearing on February 22, 2016. PCR counsel called four witnesses: defendant's trial counsel; Cysa Williams, an alleged alibi witness; Francis J. Reilly, an investigator employed by the Public Defender's Office; and defendant. The judge also viewed a traffic video that defendant claimed showed he was present in a different location at the time of the murder.

---

[1] The judge assigned to adjudicate the PCR petition was not the same judge who presided over the trial.

A-3939-15T3

On April 1, 2016, the PCR judge denied defendant's petition. In a memorandum of opinion, the judge found defendant did not satisfy the two-prong standard for ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687 (1984). In this appeal, defendant raises the following arguments.

> POINT I
>
> TRIAL DEFENSE COUNSEL WAS INEFFECTIVE BECAUSE SHE FAILED TO REQUEST THAT THE COURT PROVIDE A JURY INSTRUCTION BASED UPON STATE V. HENDERSON, 208 N.J. 208 (2011) REGARDING THE INDENTIFICATION OF DEFENDANT BY THE VARIOUS WITNESSES WHO TESTIFIED ON BEHALF OF THE STATE.
>
> POINT II
>
> TRIAL DEFENSE COUNSEL WAS INEFFECTIVE FOR NOT INTRODUCING INTO EVIDENCE THE PHOTOGRAPHS OF DEFENDANT AND "DIZZLE" TO DEMONSTRATE THIRD-PARTY GUILT.
>
> POINT III
>
> THE PCR COURT SHOULD HAVE GRANTED THE PETITION FOR POST-CONVICTION RELIEF UPON CONCLUSION OF THE EVIDENTIARY HEARING REGARDING CYSA WILLIAMS AND BECAUSE OF THE FAILURE TO PRESENT THE VIDEOTAPE TO THE JURY.

4

Defendant also filed a pro se supplemental brief raising the following arguments:

> POINT I
>
> AT THE PCR EVIDENTIARY HEARING THE DEFENDANT DID PRESENTED [SIC] A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL WARRANTING POST-CONVICTION RELIEF.
>
> POINT II
>
> TRIAL COUNSEL ABANDON ITS DUTY OF LOYALTY AND RENDER DEFENDANT INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL DISCREDIT DEFENDANT ALIBI WITNESS BASED ON THE 9:00 TO 9:30 TRAFFIC STOP THEORY. [SIC]
>
> POINT III
>
> THE PCR COURT OVERLOOKED DEFENDANT BROTHER MASSARAH DIRECT TESTIMONY WHICH ESTABLISHED THAT HE WAS NEVER IN THE PRESENT OF HIS BROTHER JOEL WHEN JOEL WAS COMMUNICATING WITH MS. WILLIAMS AND HER FRIEND AMANDA. [SIC]

These arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We add only the following brief comments. We acknowledge that the PCR judge did not address defendant's argument regarding trial counsel's failure to request a jury instruction based on Henderson.

5                                                              A-3939-15T3

However, this omission by the judge is legally inconsequential. Defendant's trial began on July 10, 2012. The record shows defense counsel requested a Henderson jury instruction at the charge conference held on July 19, 2012, pursuant to Rule 1:8-7(b). However, the Henderson jury charge did not become effective until September 4, 2012. Henderson, 208 N.J. at 302.[2] With respect to Argument Point II, although the actual photograph was not admitted into evidence, trial counsel showed "Dizzle's" photograph to witnesses who testified at trial in support of defendant's third-party defense strategy. Only one witness recognized Dizzle, but denied he had any involvement in the victim's demise. The remaining arguments were addressed and properly rejected by the PCR judge.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2]    See also Model Jury Charges (Criminal), "Identification: Out-of-Court Identification Only" (effective Sept. 4, 2012).
https://www.njcourts.gov/attorneys/assets/criminalcharges/idinout.pdf

A-3939-15T3